[No. 9253.  Department One.   December 12, 1910.]

HERBERT SMITH *et al., Respondents*, v. SEATTLE ELECTRIC COMPANY, *Appellant.*[1]

· APPEAL—REVIEW—VERDICT—DAMAGES—EXCESSIVE VERDICT.  A verdict for $6,500 for personal injuries, reduced by the trial court to $4,000, will not be set aside as excessive, where the injury was substantial, and the trial judge was better able to arrive at a just conclusion than the appellate court.

Appeal from a judgment of the superior court for King county, Gay, J., entered August 31, 1910, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained by a passenger alighting from a street car.   Affirmed.

*James B. Howe* and *H. S. Elliott,* for appellant.
*A. R. Rutherford* and *Milo A. Root,* for respondents.

PER CURIAM.—This is an action to recover for injuries to the person of the respondent Georgia E. Smith, resulting from the sudden starting and stopping of one of appellant's street cars in the city of Seattle.   Mrs. Smith was at the time a passenger upon the car.   Appellant admitted liability for the injury, and the case was tried to the jury solely upon the amount of damages.   A verdict was returned for the respondents in the sum of $6,500.   Upon motion for a new trial, the court entered an order granting the motion, unless the respondent would remit $2,500 from the verdict.   The remission was made, and a judgment was entered against the appellant for $4,000.   This appeal followed.

The only question presented is that the amount of the judgment is still excessive.   If the testimony of the injured plaintiff and that received in her behalf is to be believed, she suffered, and still suffers, substantial injury on account of the accident.   We think it is unnecessary to discuss the

[1]Reported in 112 Pac. 87.

character of the injury or the evidence.   It is sufficient to say that we have read the evidence, and have concluded that the injury is substantial, and that the trial judge, having made a material reduction after having seen and heard the witnesses, is better able to arrive at a just conclusion than we are.

We conclude, therefore, that the judgment as it stands is not excessive, and must be affirmed.